UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY J. LONCZAK,<br><br>                      Plaintiff,<br><br>vs.<br><br>THE TOP-FLITE GOLF COMPANY,<br><br>                      Defendant. | CIVIL ACTION NO. 05-30180-MAP<br><br>**ANSWER** |

Pursuant to Federal Rules of Civil Procedure 12, now comes The Top-Flite Golf Company, Defendant in the above-captioned matter, by and through its counsel, Skoler, Abbott & Presser, P.C., and files this Answer to the Complaint.

## **FIRST DEFENSE**

1.     Defendant admits that Gary J. Lonczak is a natural person. Defendant has no first-hand information regarding his residence and, therefore, denies the allegations of Paragraph 1 to the extent that they allege Plaintiff's address.

2.     Defendant admits the allegations of Paragraph 2.

3.     Defendant denies the allegations of Paragraph 3 except as expressly admitted below. Further answering, Defendant admits that the Plaintiff was hired by Spalding Sports Worldwide, Inc. on February 16, 1998, and that he held a variety of positions for said Company. Further answering, Defendant asserts that Spalding Sports Worldwide, Inc. was renamed The Top-Flite Golf Company (hereinafter "Spalding/Top-Flite") in the spring of 2003 and filed a Voluntary Petition for Bankruptcy on June 30, 2003. Further answering, certain assets of the bankrupt Spalding/Top-Flite were

purchased, through the bankruptcy proceedings, and Spalding/Top-Flite ceased all operations. Further answering, the assets of the former Spalding/Top-Flite Company were purchased by TFGC Acquisition Corp., a newly formed, wholly owned subsidiary of Callaway Golf Company, which following the acquisition, changed its corporate name to "The Top-Flite Golf Company, a wholly owned subsidiary of Callaway Golf Company" (hereinafter "TFGC"), a company that is an entirely distinct legal entity than the bankrupt Spalding/Top-Flite. Further answering, TFGC is the proper Defendant in this instant action. Further answering, Defendant hired Plaintiff as a Category Logistics Manager GC effective September 15, 2003. Further answering, Defendant admits that on or about April 15, 2004, Plaintiff was informed that his employment was being terminated as part of a downsizing of the Defendant's workforce.

  4. Defendant denies the allegations of Paragraph 4.

  5. Defendant denies the allegations of Paragraph 5. Further answering, Defendant admits that at the same time Plaintiff was laid off, 47 other employees were laid off.

  6. Defendant denies the allegations of Paragraph 6. Further answering, Defendant admits that at a Chamber of Commerce function in June 2004, while discussing the future of the Company with Chamber members concerned about the future of one of Chicopee's largest employers, Robert Penicka introduced his new and energetic senior management team, who were in attendance. Further answering, Plaintiff had never been a member of the senior management team, either for Spalding/Top-Flite or Defendant.

  7. Defendant denies the allegations of Paragraph 7.

## COUNT I

8. Defendant incorporates its answers to Paragraphs 1-7 above as if fully set forth herein.

9. Defendant denies the allegations of Paragraph 9.

## COUNT II

10. Defendant incorporates its answers to Paragraphs 1-9 above.

11. Defendant denies the allegations of Paragraph 11.

## SECOND DEFENSE

In exchange for valid consideration, Plaintiff has previously released, *inter alia*, Top-Flite, and its parent and related companies from all claims regarding employment discrimination or termination. Consideration was paid by Defendant and accepted by the Plaintiff, and the release executed should be given effect.

## THIRD DEFENSE

Plaintiff cannot establish a *prima facie* case of age discrimination.

## FOURTH DEFENSE

Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate non-discriminatory and non-pretextual business reasons unrelated to age.

## FIFTH DEFENSE

To the extent that Plaintiff's age played any role in the decision to terminate Plaintiff, the Defendant asserts it would, in any event, have terminated Plaintiff.

**SIXTH DEFENSE**

Plaintiff has failed to mitigate his damages.

**SEVENTH DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**EIGHTH DEFENSE**

Defendants did not act in willful and intentional violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., by terminating Plaintiff.

**NINTH DEFENSE**

Defendant did not act intentionally and willfully in violation of M.G.L. c. 151B.

Respectfully submitted,

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:   August 5, 2005                      Tel.:  (413) 737-4753/Fax: (413) 787-1941

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answer* was served upon the attorney of record for each other party electronically and by first-class, U.S. mail, postage prepaid, on August 5, 2005.

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.