UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY J. LONCZAK,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE TOP-FLITE GOLF COMPANY,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO. 05-30180-KPN<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS STATEMENT OF FACTS UNDER LOCAL RULE 56.1** |

　　　　NOW COMES Defendant, The Top-Flite Golf Company, and files this Opposition to the Plaintiff's Motion to Amend his Statement of Facts under Local Rule 56.1. Defendant has not opposed, and the court has justifiably allowed, Plaintiff's previous timely requests for extensions. However, with this motion Plaintiff now seeks to file a substantially revised Rule 56.1 Statement of Fact. The essentially new Statement would be filed nearly two months (as extended) after the established deadline for filing such Statements. Moreover, the late filing would be unduly prejudicial, leaving Defendant with insufficient time to properly review and respond to the putative Amended Statement in advance of oral argument.

　　　　A review of the timeline for the filing of the various Summary Judgment materials reveals the following:

- November 30, 2006, Defendant files its Motion for Summary Judgment, Rule 56(1) statement, Memorandum of Law and related materials.

- December 6, 2006, Plaintiff files an *assented to* Motion to Extend the Deadline for his response, to January 12, 2007. The motion is

subsequently allowed.

- January 11, 2007, Plaintiff files a second *assented* to Motion to Extend his Deadline for Responding to January 16, 2007. The Motion is subsequently allowed.

- January 16, 2007, Plaintiff files his opposition materials, including a thirty-seven paragraph Rule 56.1 Statement.

- February 2, 2007, as per the court's schedule, Defendant files its Reply Brief, several Motions to Strike various affidavits in whole or in part and a detailed "*Response to and Partial Motion to Strike Plaintiff's Statement of Disputed Fact*".  Defendant's response to Plaintiff's document, characterized as his Statement of "Disputed Fact" noted that "Plaintiff's Statement appears to be an amalgam of "facts" over which, in many cases, there is no dispute, statements of opinion and/or argument that should be stricken as such, a few proposed additional facts (most of which Defendant does not dispute)." Defendant's Response further noted that "…in some cases, Defendant would submit, purported facts are either not supported by the referenced material (and are sometimes contrary to the cited materials) or supported by affidavit statements that do not satisfy the requirements of Fed. Rule Civ. P. Rule 56(e), and hence are the subject of separate motions to strike." Defendant's Response, aimed at assisting the court in assessing the asserted factual issues, consistent with the goals of the local rules, then painstakingly proceeded to address each of the thirty-seven paragraphs contained in the original Statement of Fact filed by

Plaintiff, (for which he now claims a mulligan) pointing out for each cited paragraph what facts were in fact not disputed, but also, in many instances, noting what Defendant viewed as mischaracterizations, argument, or facts unsupported by, or in a few instances, contrary to the record.

- February 2, 2007, the court schedules oral argument for March 15, 2007.
- February 5, 2007, the Defendant files an assented to Motion to Reschedule Argument because he is to be on vacation the week of March 12, 2007. The motion is granted and the hearing is rescheduled for March 26, 2007.
- February 12, 2007, Plaintiff files for an Extension to file his Opposition to Motion to Strike to March 1, 2007. The motion is allowed.
- February 26, 2007, Plaintiff files another assented to Motion to Extend the Deadline for filing Opposition to Motion to Strike until March 10, 2007. The motion is allowed.
- March 9, 2007, Plaintiff files his Opposition to Motions to Strike, including his Opposition to Defendant's Partial Motion to Strike Plaintiff's Rule 56.1 Statement.
- March 12, 2007, after Defense Counsel has commenced his vacation, Plaintiff files a Motion to Amend his Rule 56.1 Statement. The putative amended Statement, attached as an exhibit, would add, as new alleged facts, paragraphs 38-58.

Although the Plaintiff filed his original Local Rule 56.1 Statement in January, and on February 2, 2007 Defendant filed a *Response And Partial Motion To Strike* the 37 paragraph 56.1 Statement, and although Plaintiff was presumably working on his March 9, 2007 *Opposition to Defendant's Response, And Partial Motion To Strike* well before its filing the instant motion, not until March 12, 2007 did he file a motion to Amend his Statement of Fact. Doing so he merely asserts that in January he had inadvertently omitted more than half of what he had intended to include in the document filed in January. While that may be the case, the failure to correct such inadvertent error in a timely fashion is inexcusable neglect under the circumstances, and Plaintiff should not at this point be allowed to file a substantially modified Statement of Facts.

Indeed, granting the motion would gravely prejudice Defendant. Thus, the additional materials, like the original set, clearly have numerous alleged statements of fact that Defendant believes do not comport with the requirements of Local Rule 56.1 and would justify, indeed necessitate, a detailed response. Thus, the original opposition revealed many instances where the cited facts were, in Defendant's view at least, simply not supported by the cited materials. Each new purported fact, like the original thirty-seven, would need to be assessed, reviewed, and responded to before next Monday's argument. Not only is that far too little time to respond appropriately, Defendant's counsel, having just returned from vacation, is also preparing for a trial in Superior Court (where Plaintiff's counsel is also opposing counsel) that may commence as soon as two days after the scheduled oral argument, leaving insufficient time to complete such task.

While Defendant does not wish to imply any improper motive, the fact is that the court had set deadlines for the orderly handling of the case, including this summary judgment stage. The original "inadvertent error" surely should have been discovered, at the latest, upon the initial review of the Defendant's *Response, And Partial Motion To Strike, Plaintiff's Statement of Disputed Facts,* a document filed on February 2, 2007. Allowing the motion at this time would be both unjustified and prejudicial to Defendant. Accordingly the Plaintiff's Motion to Amend the Local Rule 56.1 Statement should be denied.

Respectfully Submitted,

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO #405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Dated: March 20, 2007                  Tel. (413) 737-4753/Fax (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant's Opposition to Plaintiff's Motion to Amend His Statement of Facts Under Local Rule 56.1* was served upon the attorney of record for each other party via electronic filing on March 20, 2007.

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.