UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL DUVAL,                              )
         Plaintiff                        )
                                          )
vs.                                     )    CIVIL ACTION NO.: 05-30181-MAP
                                          )
                                          )
THE TOP-FLITE GOLF COMPANY,              )
         Defendant                        )

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE

### I.  Introduction

The plaintiffs in four pending actions, *Paul Duval v. The Top Flite Golf Company, Civil Action No.:  05-30181, Michael Behaylo v. The Top Flite Golf Company, Civil Action No.: 05 30178; Gary Lonczak v. The Top Flite Golf Company, Civil Action No.: 05 30180; John Bettencourt v. The Top Flite Golf Company, Civil Action No.:  05 30179*, have moved to consolidate the cases for trial under *Fed.R.Civ.P. 42(a)*.  The four cases were filed at the same time.  Although not formally consolidated, the cases have proceeded, up to this point, in the same fashion (re: discovery and motions) as if they had been consolidated, and are now all at the same stage.  All four plaintiffs move to consolidate on grounds that consolidation promotes judicial convenience and economy, there are common questions of law and fact, there are numerous common witnesses, and there is no likely prejudice to any party as a result.

### II.  Consolidation Is Appropriate In These Cases

1.  Standards Under Fed.R.Civ.P. 42

*Fed.R.Civ. 42(a)* provides:

    a.  Consolidation.  If actions before the court involve a common question of law or fact, the court may:

(1)    Join for hearing or trial any or all matters at issue in the action;

(2)    Consolidate the actions; or

(3)    Issue any other orders to avoid unnecessary cost or delay.

*Fed.R.Civ.P. 42(a)*

The above rule is a "restyling" of the prior Fed.R.Civ.P., and not intended to change its meaning. *Advisory Committee note, 2007 Amendments. Fed.R.Civ.P.* This rule rests broad discretion in the District Court in order to achieve expedition and economy. *Krocka* v. *City of Chicago*, 203 F.3rd 507 (7th Cir. 2000). A common question of law or fact (singular) is enough to permit consolidation, even where there are independent transactions, *Hall* v. *Babcock and Wilcox Co.*, 69 F.Supp.2d, 716 (D.Pa. 1999), Generally, consolidation is favored. See *Devlin v. Transportation Committees Int'l Union*, 175 F.3d 121 (2d Cir. 1995); *Masterson v. Atherton,* 223 F.Supp.407, (D.Conn. 1963); aff'd 328 F.2d 106 (2d Cir. 1964); *Johnson v. Mississippi Valley Barge Line*, Co., 34 F.R.D. 140 (D.Pa. 1963). Cf. *United Mine Workers v. Gibbs*, 383U.S. 715, 724 (1966) (Citing Fed. Rules 2, 18-20 and 42, the Court stated: "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

Consent of the parties is not required for consolidation. See, *Cruickshank* v. *Clean Seas Co.,* 402 F. Supp. 328, 340-342. It is the Court's role to weight the saving of time and effort that consolidation would bring, against any inconvenience, delay or expense. *In Re PRI Automation, Inc., Secs. Litigation,* 145 F.Supp. 2d 138 (D.Mass. 2001). In that case, the District Court described the standards for consolidation as follows:

In determining whether to order consolidation, the court must first determine whether the two proceedings involve a common party and common issues of fact or law. Once this determination has

been made, the court has "broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). If those first two steps are resolved in favor of consolidation, the motion to consolidate ordinarily will be granted unless the opposing party shows "demonstrable prejudice." See *Id.*(quoting *Lavino Shipping Co., v. Santa Cecilia Co.*, 1972 A.M.C. 2454, 2456 (S.D.N.Y.)).

*Id.*, at 140

In *Cruischshank*, the District Court stated the standard as follows:

When considering a motion to consolidate pursuant to Fed.R.Civ.P. 42, "[t]he threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "Once this determination is made, the trial court has broad discretion in weighing the costs and costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* Ordinarily, a motion for consolidation will be granted "unless the party opposing it can show 'demonstrable prejudice.' " *Id.*(quoting *Lavino Shipping Co., v. Santa Cecilia Co.*, 1972 A.M.C. 2454, 2456 (S.D.N.Y.))....

It is appropriate to consider, when weighing the costs and benefits of consolidation, the convenience or inconvenience of the parties, the judicial economy, the savings in time, effort or expenses and 'any confusion, delay or prejudice that might result from consolidation'. " *Id.* (quoting *Data Gen. Corp. v. Grumman Sys. Support Corp.* 834 F.Supp. 477, 487 (D.Mass. 1992).

*Cruischshank,* at 340-341.

As noted below, the four cases at issue involve a common party (the defendant) and common issues of fact and law. Speed, judicial economy and expense weigh heavily in favor of consolidation and there is no demonstrable prejudice to the defendant.

2.    **These Cases Present Common Questions of Law and Fact**

Each of the Plaintiffs in these cases presents a claim under the ADEA, *29 USC §626*, and each of those ADEA claims is for termination of their employment because of their age.  While the individual circumstances of the plaintiffs' cases naturally vary to some degree, each case still arises out of a common set of operative facts which will have to be presented in all the cases.  Even a passing glance of each party's submission on summary judgment shows that the same facts and law are being argued in each case by both sides.  Three of the four plaintiffs, Behaylo, Bettencourt and Lonczak were part of the same layoff in April of 2004.  Paul Duval was laid off in July, but the job he was laid off from was a job he entered in the wake of, and because of, prior layoffs.  (Memorandum and Order with Regard to Defendant's Motion for Summary Judgment, April 7, 2007, pp. 8-11) Each case would present testimony regarding basic facts which would apply to all four cases.

- Callaway's Purchase of the Top Flite Golf Company and the resulting corporate changes.

- The decision to reduce the work force at Top Flite, the purported reasons for that, and the extent to which it affected each relevant department.

- What was stated in Robert Penicka's speech to the Chicopee Chamber of Commerce regarding the age of employees.

- Numerous statements or facts relating to the age bias of decision makers and managers, Kelliher, Bosworth, Frye and Levandowski.

See Memorandum and Order with Regard to Defendant's Motion for Summary Judgment, April 7, 2007, pp. 2-14.

All of this evidence which would constitute the bulk of the evidence for both sides would be relevant to and presented in each case.  For example, the defendant's summary judgment submission under Local Rule 56(a)(1) contains thirty-eight pages of facts common to each case.

From that submission, one would expect Penicka, Kelleher, Arturi, Rist and perhaps Bosworth and Frye to be witnesses in all the cases.

From the plaintiffs' perspective, Kelleher, Frye, Bosworth, Levandowski, Duval, Behaylo, Bettencourt and Lonczak would all be witnesses in all four cases, as well as least one expert economist.  Defendant may present statistical evidence, equally applicable to all four cases.  Plaintiff foresees few, if any, different witnesses in the four cases.

The same evidence therefore will dominate all four cases.  Viewed in another manner, the elements of proof necessary under the *McDonnell Douglas* framework, it is clear how similar the trials will be.  (See *McDonnell Douglas Corp. v. Green*, 411 U.S. 292 (1973).  There is no dispute in any of the cases that the plaintiffs were in the protected age category, performed within expectations, and were terminated.  The individual differences in the cases on the above issues are not meaningful in this context, since they will not be disputed (See Memorandum of Order With Regard to Defendant's Motion for Summary Judgment, August 7, 2007).  The fourth issue, whether younger persons were retained in the same position or whether age was not treated neutrally, is a disputed issue but the "age neutrality" evidence will be almost the same in all four cases and only the retention issue will present a variation in the four cases.  Likewise, the employer's articulation of a non-discriminatory reason will be almost the same evidence in each case, namely, the Company's financial situation and the decision to reorganize.  The last issue – whether age was a reason for the termination in each case, will involve presentation of almost the same evidence for each case.   If four trials were held, the vast majority of the evidence would be repetitive.  Consolidation will provide a great saving of time and expense.  Separate trials would likely take three to four times as long as one.  Separate trials could present particular hardships for the witnesses and parties having to appear at four separate times to serve as a witness, along

with (in the case of the plaintiffs) at least one full trial, for which each will need significant time off from their present jobs. Expert witnesses will have to be paid four times and obviously legal time and expense will be multiplied for both sides. All of these factors weigh strongly in favor of consolidation.

As analogous case is *E.E.O.C. v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998). There, the appellate court approved the consolidation of a race discrimination claim by a terminated employee and another of the personnel director who claimed termination for refusing to discharge the other plaintiff, since both sought to present evidence about racial hostility and events surrounding the discharge that were relevant to reasons why both were fired. *Id.* at 551.

**3.    There Is No Demonstrable Prejudice To Any Party From Consolidation Of The Cases**

Almost all the possible objections or grounds often cited for denying consolidation, i.e., delay, expense, cases at different stages of a proceeding, prejudice or conflict of interest, are not applicable here. The only issue normally raised that is arguable, is whether the jury might confuse the four cases. This is extremely unlikely because as noted above, the only separate issues are who replaced the plaintiffs and/or did their work, and damages. The major issues of all the cases revolve around common facts. The smaller number of individual issues are therefore easily isolated. The jury will presumably receive four separate special verdict forms which will emphasize the need to address each case individually, and the cases would be particularly easy to distinguish with respect to damages.

Therefore, since the cases present common questions of fact and law together with one defendant arising out of one set of circumstances from the spring and summer of 2004, consolidation should be ordered in the interest of judicial economy and the time and expenses involved for the parties.

Dated:  December 31, 2007                    THE PLAINTIFF, PAUL DUVAL
                                             BY HIS ATTORNEY


                                             / S / Maurice M. Cahillane
                                             Maurice M. Cahillane, Esq.
                                             EGAN, FLANAGAN AND COHEN, P.C.
                                             67 Market Street - Post Office Box 9035
                                             Springfield, MA 01102
                                             (413) 737-0260; Fax: (413) 737-0121
                                             BBO# 069660


## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Brief in Support of Plaintiff's Motion to Consolidate was served this 31st day of December, 2007 on all parties, by electronic filing to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.


                                             / S / Maurice M. Cahillane


050156\Document in ProLaw

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GARY J. LONCZAK,                    )
        Plaintiff                )
                        )
vs.                                )          CIVIL ACTION NO.: 05-30180-MAP
                        )
THE TOP-FLITE GOLF COMPANY,          )
        Defendant                )

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE

**I.**      **Introduction**

        The plaintiffs in four pending actions, *Paul Duval v. The Top Flite Golf Company, Civil Action No.: 05-30181, Michael Behaylo v. The Top Flite Golf Company, Civil Action No.: 05 30178; Gary Lonczak v. The Top Flite Golf Company, Civil Action No.: 05 30180; John Bettencourt v. The Top Flite Golf Company, Civil Action No.: 05 30179*, have moved to consolidate the cases for trial under *Fed.R.Civ.P. 42(a)*.  The four cases were filed at the same time.  Although not formally consolidated, the cases have proceeded, up to this point, in the same fashion (re: discovery and motions) as if they had been consolidated, and are now all at the same stage.  All four plaintiffs move to consolidate on grounds that consolidation promotes judicial convenience and economy, there are common questions of law and fact, there are numerous common witnesses, and there is no likely prejudice to any party as a result.

**II.**     **Consolidation Is Appropriate In These Cases**

      1.     Standards Under Fed.R.Civ.P. 42

          *Fed.R.Civ. 42(a)* provides:

                a.    Consolidation.  If actions before the court involve a common question of law or fact, the court may:

     (1)    Join for hearing or trial any or all matters at issue in the action;

     (2)    Consolidate the actions; or

     (3)    Issue any other orders to avoid unnecessary cost or delay.

*Fed.R.Civ.P. 42(a)*

The above rule is a "restyling" of the prior Fed.R.Civ.P., and not intended to change its meaning. *Advisory Committee note, 2007 Amendments. Fed.R.Civ.P.* This rule rests broad discretion in the District Court in order to achieve expedition and economy. *Krocka* v. *City of Chicago*, 203 F.3rd 507 (7th Cir. 2000). A common question of law or fact (singular) is enough to permit consolidation, even where there are independent transactions, *Hall* v. *Babcock and Wilcox Co.*, 69 F.Supp.2d, 716 (D.Pa. 1999), Generally, consolidation is favored. See *Devlin v. Transportation Committees Int'l Union*, 175 F.3d 121 (2d Cir. 1995); *Masterson v. Atherton,* 223 F.Supp.407, (D.Conn. 1963); aff'd 328 F.2d 106 (2d Cir. 1964); *Johnson v. Mississippi Valley Barge Line*, Co., 34 F.R.D. 140 (D.Pa. 1963). Cf. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (Citing Fed. Rules 2, 18-20 and 42, the Court stated: "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

Consent of the parties is not required for consolidation. See, *Cruickshank* v. *Clean Seas Co.*, 402 F. Supp. 328, 340-342. It is the Court's role to weight the saving of time and effort that consolidation would bring, against any inconvenience, delay or expense. *In Re PRI Automation, Inc., Secs. Litigation,* 145 F.Supp. 2d 138 (D.Mass. 2001). In that case, the District Court described the standards for consolidation as follows:

> In determining whether to order consolidation, the court must first determine whether the two proceedings involve a common party and common issues of fact or law. Once this determination has

2

been made, the court has "broad discretion in weighing the costs
and benefits of consolidation to decide whether that procedure is
appropriate." *Seguro de Servicio de Salud de Puerto Rico v.
McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). If
those first two steps are resolved in favor of consolidation, the
motion to consolidate ordinarily will be granted unless the
opposing party shows "demonstrable prejudice." See *Id.*(quoting
*Lavino Shipping Co., v. Santa Cecilia Co.*, 1972 A.M.C. 2454,
2456 (S.D.N.Y.)).

*Id.*, at 140

In *Cruischshank*, the District Court stated the standard as follows:

When considering a motion to consolidate pursuant to
Fed.R.Civ.P. 42, "[t]he threshold issue is whether the two
proceedings involve a common party and common issues of fact or
law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto
Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "Once this
determination is made, the trial court has broad discretion in
weighing the costs and costs and benefits of consolidation to
decide whether that procedure is appropriate." *Id.* Ordinarily, a
motion for consolidation will be granted "unless the party
opposing it can show 'demonstrable prejudice.' " *Id.*(quoting
*Lavino Shipping Co., v. Santa Cecilia Co.*, 1972 A.M.C. 2454,
2456 (S.D.N.Y.))....

It is appropriate to consider, when weighing the costs and benefits
of consolidation, the convenience or inconvenience of the parties,
the judicial economy, the savings in time, effort or expenses and
'any confusion, delay or prejudice that might result from
consolidation'. " *Id.* (quoting *Data Gen. Corp. v. Grumman Sys.
Support Corp.* 834 F.Supp. 477, 487 (D.Mass. 1992).

*Cruischshank,* at 340-341.

As noted below, the four cases at issue involve a common party (the defendant)

and common issues of fact and law. Speed, judicial economy and expense weigh heavily

in favor of consolidation and there is no demonstrable prejudice to the defendant.

2.    **These Cases Present Common Questions of Law and Fact**

Each of the Plaintiffs in these cases presents a claim under the ADEA, *29 USC §626*, and each of those ADEA claims is for termination of their employment because of their age. While the individual circumstances of the plaintiffs' cases naturally vary to some degree, each case still arises out of a common set of operative facts which will have to be presented in all the cases. Even a passing glance of each party's submission on summary judgment shows that the same facts and law are being argued in each case by both sides. Three of the four plaintiffs, Behaylo, Bettencourt and Lonczak were part of the same layoff in April of 2004. Paul Duval was laid off in July, but the job he was laid off from was a job he entered in the wake of, and because of, prior layoffs. (Memorandum and Order with Regard to Defendant's Motion for Summary Judgment, April 7, 2007, pp. 8-11) Each case would present testimony regarding basic facts which would apply to all four cases.

- Callaway's Purchase of the Top Flite Golf Company and the resulting corporate changes.

- The decision to reduce the work force at Top Flite, the purported reasons for that, and the extent to which it affected each relevant department.

- What was stated in Robert Penicka's speech to the Chicopee Chamber of Commerce regarding the age of employees.

- Numerous statements or facts relating to the age bias of decision makers and managers, Kelliher, Bosworth, Frye and Levandowski.

See Memorandum and Order with Regard to Defendant's Motion for Summary Judgment, April 7, 2007, pp. 2-14.

All of this evidence which would constitute the bulk of the evidence for both sides would be relevant to and presented in each case. For example, the defendant's summary judgment submission under Local Rule 56(a)(1) contains thirty-eight pages of facts common to each case.

From that submission, one would expect Penicka, Kelleher, Arturi, Rist and perhaps Bosworth and Frye to be witnesses in all the cases.

From the plaintiffs' perspective, Kelleher, Frye, Bosworth, Levandowski, Duval, Behaylo, Bettencourt and Lonczak would all be witnesses in all four cases, as well as least one expert economist. Defendant may present statistical evidence, equally applicable to all four cases. Plaintiff foresees few, if any, different witnesses in the four cases.

The same evidence therefore will dominate all four cases. Viewed in another manner, the elements of proof necessary under the *McDonnell Douglas* framework, it is clear how similar the trials will be. (See *McDonnell Douglas Corp. v. Green*, 411 U.S. 292 (1973). There is no dispute in any of the cases that the plaintiffs were in the protected age category, performed within expectations, and were terminated. The individual differences in the cases on the above issues are not meaningful in this context, since they will not be disputed (See Memorandum of Order With Regard to Defendant's Motion for Summary Judgment, August 7, 2007). The fourth issue, whether younger persons were retained in the same position or whether age was not treated neutrally, is a disputed issue but the "age neutrality" evidence will be almost the same in all four cases and only the retention issue will present a variation in the four cases. Likewise, the employer's articulation of a non-discriminatory reason will be almost the same evidence in each case, namely, the Company's financial situation and the decision to reorganize. The last issue – whether age was a reason for the termination in each case, will involve presentation of almost the same evidence for each case. If four trials were held, the vast majority of the evidence would be repetitive. Consolidation will provide a great saving of time and expense. Separate trials would likely take three to four times as long as one. Separate trials could present particular hardships for the witnesses and parties having to appear at four separate times to serve as a witness, along

with (in the case of the plaintiffs) at least one full trial, for which each will need significant time off from their present jobs. Expert witnesses will have to be paid four times and obviously legal time and expense will be multiplied for both sides.  All of these factors weigh strongly in favor of consolidation.

As analogous case is *E.E.O.C. v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998).  There, the appellate court approved the consolidation of a race discrimination claim by a terminated employee and another of the personnel director who claimed termination for refusing to discharge the other plaintiff, since both sought to present evidence about racial hostility and events surrounding the discharge that were relevant to reasons why both were fired.  *Id.* at 551.

**3.   There Is No Demonstrable Prejudice To Any Party From Consolidation Of The Cases**

Almost all the possible objections or grounds often cited for denying consolidation, i.e., delay, expense, cases at different stages of a proceeding, prejudice or conflict of interest, are not applicable here.  The only issue normally raised that is arguable, is whether the jury might confuse the four cases.  This is extremely unlikely because as noted above, the only separate issues are who replaced the plaintiffs and/or did their work, and damages.  The major issues of all the cases revolve around common facts.  The smaller number of individual issues are therefore easily isolated.  The jury will presumably receive four separate special verdict forms which will emphasize the need to address each case individually, and the cases would be particularly easy to distinguish with respect to damages.

Therefore, since the cases present common questions of fact and law together with one defendant arising out of one set of circumstances from the spring and summer of 2004, consolidation should be ordered in the interest of judicial economy and the time and expenses involved for the parties.

THE PLAINTIFF, GARY LONCZAK
BY HIS ATTORNEY


Dated: December 31, 2007          _ / S / Maurice M. Cahillane _____
                                  Maurice M. Cahillane, Esq.
                                  EGAN, FLANAGAN AND COHEN, P.C.
                                  67 Market Street - Post Office Box 9035
                                  Springfield, MA 01102
                                  (413) 737-0260; Fax: (413) 737-0121
                                  BBO# 069660


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the Brief in Support of Plaintiff's Motion to Consolidate was served this 31st day of December, 2007 on all parties, by electronic filing to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.


                                  _ / S / Maurice M. Cahillane


11842-040948\131319.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GARY J. LONCZAK,                          )
            Plaintiff                     )
                                          )
vs.                                       )        CIVIL ACTION NO.: 05-30180-MAP
                                          )
THE TOP-FLITE GOLF COMPANY,               )
            Defendant                     )

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE

### I.    Introduction

The plaintiffs in four pending actions, *Paul Duval v. The Top Flite Golf Company, Civil Action No.: 05-30181, Michael Behaylo v. The Top Flite Golf Company, Civil Action No.: 05 30178; Gary Lonczak v. The Top Flite Golf Company, Civil Action No.: 05 30180; John Bettencourt v. The Top Flite Golf Company, Civil Action No.: 05 30179*, have moved to consolidate the cases for trial under *Fed.R.Civ.P. 42(a)*. The four cases were filed at the same time. Although not formally consolidated, the cases have proceeded, up to this point, in the same fashion (re: discovery and motions) as if they had been consolidated, and are now all at the same stage. All four plaintiffs move to consolidate on grounds that consolidation promotes judicial convenience and economy, there are common questions of law and fact, there are numerous common witnesses, and there is no likely prejudice to any party as a result.

### II.    Consolidation Is Appropriate In These Cases

1.    Standards Under Fed.R.Civ.P. 42

*Fed.R.Civ. 42(a)* provides:

a.    Consolidation. If actions before the court involve a common question of law or fact, the court may:

> (1) Join for hearing or trial any or all matters at issue in the action;
> (2) Consolidate the actions; or
> (3) Issue any other orders to avoid unnecessary cost or delay.

*Fed.R.Civ.P. 42(a)*

The above rule is a "restyling" of the prior Fed.R.Civ.P., and not intended to change its meaning. *Advisory Committee note, 2007 Amendments. Fed.R.Civ.P.* This rule rests broad discretion in the District Court in order to achieve expedition and economy. *Krocka* v. *City of Chicago*, 203 F.3rd 507 (7th Cir. 2000). A common question of law or fact (singular) is enough to permit consolidation, even where there are independent transactions, *Hall* v. *Babcock and Wilcox Co.*, 69 F.Supp.2d, 716 (D.Pa. 1999), Generally, consolidation is favored. See *Devlin v. Transportation Committees Int'l Union*, 175 F.3d 121 (2d Cir. 1995); *Masterson v. Atherton,* 223 F.Supp.407, (D.Conn. 1963); aff'd 328 F.2d 106 (2d Cir. 1964); *Johnson v. Mississippi Valley Barge Line*, Co., 34 F.R.D. 140 (D.Pa. 1963). Cf. *United Mine Workers v. Gibbs*, 383U.S. 715, 724 (1966) (Citing Fed. Rules 2, 18-20 and 42, the Court stated: "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

Consent of the parties is not required for consolidation. See, *Cruickshank* v. *Clean Seas Co.*, 402 F. Supp. 328, 340-342. It is the Court's role to weight the saving of time and effort that consolidation would bring, against any inconvenience, delay or expense. *In Re PRI Automation, Inc., Secs. Litigation*, 145 F.Supp. 2d 138 (D.Mass. 2001). In that case, the District Court described the standards for consolidation as follows:

> In determining whether to order consolidation, the court must first determine whether the two proceedings involve a common party and common issues of fact or law. Once this determination has

2

been made, the court has "broad discretion in weighing the costs
and benefits of consolidation to decide whether that procedure is
appropriate." *Seguro de Servicio de Salud de Puerto Rico v.
McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). If
those first two steps are resolved in favor of consolidation, the
motion to consolidate ordinarily will be granted unless the
opposing party shows "demonstrable prejudice." See *Id.*(quoting
*Lavino Shipping Co., v. Santa Cecilia Co.*, 1972 A.M.C. 2454,
2456 (S.D.N.Y.)).

*Id.*, at 140

In *Cruischshank*, the District Court stated the standard as follows:

When considering a motion to consolidate pursuant to
Fed.R.Civ.P. 42, "[t]he threshold issue is whether the two
proceedings involve a common party and common issues of fact or
law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto
Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "Once this
determination is made, the trial court has broad discretion in
weighing the costs and costs and benefits of consolidation to
decide whether that procedure is appropriate." *Id.* Ordinarily, a
motion for consolidation will be granted "unless the party
opposing it can show 'demonstrable prejudice.' " *Id.*(quoting
*Lavino Shipping Co., v. Santa Cecilia Co.*, 1972 A.M.C. 2454,
2456 (S.D.N.Y.))....

It is appropriate to consider, when weighing the costs and benefits
of consolidation, the convenience or inconvenience of the parties,
the judicial economy, the savings in time, effort or expenses and
'any confusion, delay or prejudice that might result from
consolidation'. " *Id.* (quoting *Data Gen. Corp. v. Grumman Sys.
Support Corp.* 834 F.Supp. 477, 487 (D.Mass. 1992).

*Cruischshank*, at 340-341.

As noted below, the four cases at issue involve a common party (the defendant)

and common issues of fact and law. Speed, judicial economy and expense weigh heavily

in favor of consolidation and there is no demonstrable prejudice to the defendant.

3

2.    **These Cases Present Common Questions of Law and Fact**

Each of the Plaintiffs in these cases presents a claim under the ADEA, *29 USC §626*, and

each of those ADEA claims is for termination of their employment because of their age. While

the individual circumstances of the plaintiffs' cases naturally vary to some degree, each case still

arises out of a common set of operative facts which will have to be presented in all the cases.

Even a passing glance of each party's submission on summary judgment shows that the same

facts and law are being argued in each case by both sides. Three of the four plaintiffs, Behaylo,

Bettencourt and Lonczak were part of the same layoff in April of 2004. Paul Duval was laid off

in July, but the job he was laid off from was a job he entered in the wake of, and because of,

prior layoffs. (Memorandum and Order with Regard to Defendant's Motion for Summary

Judgment, April 7, 2007, pp. 8-11) Each case would present testimony regarding basic facts

which would apply to all four cases.

- Callaway's Purchase of the Top Flite Golf Company and the resulting corporate changes.

- The decision to reduce the work force at Top Flite, the purported reasons for that, and the extent to which it affected each relevant department.

- What was stated in Robert Penicka's speech to the Chicopee Chamber of Commerce regarding the age of employees.

- Numerous statements or facts relating to the age bias of decision makers and managers, Kelliher, Bosworth, Frye and Levandowski.

See Memorandum and Order with Regard to Defendant's Motion for Summary Judgment,
April 7, 2007, pp. 2-14.

All of this evidence which would constitute the bulk of the evidence for both sides would

be relevant to and presented in each case. For example, the defendant's summary judgment

submission under Local Rule 56(a)(1) contains thirty-eight pages of facts common to each case.

4

From that submission, one would expect Penicka, Kelleher, Arturi, Rist and perhaps Bosworth and Frye to be witnesses in all the cases.

From the plaintiffs' perspective, Kelleher, Frye, Bosworth, Levandowski, Duval, Behaylo, Bettencourt and Lonczak would all be witnesses in all four cases, as well as least one expert economist. Defendant may present statistical evidence, equally applicable to all four cases. Plaintiff foresees few, if any, different witnesses in the four cases.

The same evidence therefore will dominate all four cases. Viewed in another manner, the elements of proof necessary under the *McDonnell Douglas* framework, it is clear how similar the trials will be. (See *McDonnell Douglas Corp. v. Green*, 411 U.S. 292 (1973). There is no dispute in any of the cases that the plaintiffs were in the protected age category, performed within expectations, and were terminated. The individual differences in the cases on the above issues are not meaningful in this context, since they will not be disputed (See Memorandum of Order With Regard to Defendant's Motion for Summary Judgment, August 7, 2007). The fourth issue, whether younger persons were retained in the same position or whether age was not treated neutrally, is a disputed issue but the "age neutrality" evidence will be almost the same in all four cases and only the retention issue will present a variation in the four cases. Likewise, the employer's articulation of a non-discriminatory reason will be almost the same evidence in each case, namely, the Company's financial situation and the decision to reorganize. The last issue – whether age was a reason for the termination in each case, will involve presentation of almost the same evidence for each case. If four trials were held, the vast majority of the evidence would be repetitive. Consolidation will provide a great saving of time and expense. Separate trials would likely take three to four times as long as one. Separate trials could present particular hardships for the witnesses and parties having to appear at four separate times to serve as a witness, along

5

with (in the case of the plaintiffs) at least one full trial, for which each will need significant time off from their present jobs. Expert witnesses will have to be paid four times and obviously legal time and expense will be multiplied for both sides. All of these factors weigh strongly in favor of consolidation.

As analogous case is *E.E.O.C. v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998). There, the appellate court approved the consolidation of a race discrimination claim by a terminated employee and another of the personnel director who claimed termination for refusing to discharge the other plaintiff, since both sought to present evidence about racial hostility and events surrounding the discharge that were relevant to reasons why both were fired. *Id.* at 551.

## 3.   There Is No Demonstrable Prejudice To Any Party From Consolidation Of The Cases

Almost all the possible objections or grounds often cited for denying consolidation, i.e., delay, expense, cases at different stages of a proceeding, prejudice or conflict of interest, are not applicable here. The only issue normally raised that is arguable, is whether the jury might confuse the four cases. This is extremely unlikely because as noted above, the only separate issues are who replaced the plaintiffs and/or did their work, and damages. The major issues of all the cases revolve around common facts. The smaller number of individual issues are therefore easily isolated. The jury will presumably receive four separate special verdict forms which will emphasize the need to address each case individually, and the cases would be particularly easy to distinguish with respect to damages.

Therefore, since the cases present common questions of fact and law together with one defendant arising out of one set of circumstances from the spring and summer of 2004, consolidation should be ordered in the interest of judicial economy and the time and expenses involved for the parties.

6

THE PLAINTIFF, GARY LONCZAK
BY HIS ATTORNEY

Dated: December 31, 2007

/ S / Maurice M. Cahillane
Maurice M. Cahillane, Esq.
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 069660

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Brief in Support of Plaintiff's Motion to Consolidate was served this 31st day of December, 2007 on all parties, by electronic filing to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.

/ S / Maurice M. Cahillane

11842-040948\131319.wpd

7