UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY J. LONCZAK,<br><br>                Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF BALL OPERATIONS, INC.,<br><br>                Defendant. | CIVIL ACTION NO. 05-30180-KPN<br><br>**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM PRESENTING ANY EVIDENCE THAT DEFENDANT DISCRIMINATED AGAINST HIM WHEN IT FAILED TO OFFER HIM ANOTHER POSITION, INCLUDING THAT OF ROSEANNE TURNER, OR PRESENTING EVIDENCE OF THE COMPARATIVE QAULIFICATIONS OF ROSEANNE TURNER AND PLAINTIFF** |

**Introduction**

The Defendant, Callaway Golf Ball Operations, Inc. (f/k/a The Top-Flite Golf Company), by and through its counsel Skoler, Abbott & Presser, P.C., submits this Motion in Limine to preclude Plaintiff from offering any evidence or making any claim that Defendant discriminated against him when it failed to offer him another position, including that of Roseanne Turner, or presenting evidence of the comparative qualifications of Roseanne Turner and Plaintiff.

Plaintiff was laid off from his position as a Category Logistic Manager for Golf Clubs in April 2004, based on the transfer of the Ben Hogan® Golf Club line to California, where it would be overseen by personnel of Callaway Golf Company.[1]

---

[1] Defendant does not anticipate a claim that it was discriminatory for Callaway Golf Company not to hire him. In any event, such a claim would not be appropriate. Defendant is a wholly owned subsidiary of Callaway Golf. There is no evidence that Defendant had control over the hiring practices of that company, and liability based on his not being hired by Callaway is, therefore, irrelevant. See, e.g. Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 919 (7th Cir. 2000). ("Additionally, as Exxon highlights, the only positions available during the RIF were at a

1

Following the closing of the assembly facility in Ft. Worth, Texas, Tom Fry decided that in light of the need to reduce costs, he could eliminate Plaintiff's position. At that time Tom Fry believed that the Plaintiff's duties would be assumed by Callaway Golf Company's California based personnel by June 2004.

It is also undisputed that such expected deadline was not met, and that some of the duties that Plaintiff had been doing were not assumed by employees of Callaway Golf Company until November 2005. It is also undisputed that Roseanne Turner, who had previously been a Category Logistic Manager for Defendant, but who at the time of the April 2004 layoffs was employed in the IT (information technology) department as a Project Manager, reporting to Christine Rousseau, was given the additional task of performing the remaining portion of Plaintiff's duties until such time as they were fully assumed by Callaway Golf Company personnel. It is undisputed that under directions to reduce staff to save money, Fry decided he could cover Plaintiff's duties, for as long as necessary, utilizing Turner.

It is undisputed that Fry did not review Plaintiff's personnel files to ascertain whether Lonczak was capable of performing Turner's was. Defendant believes that Plaintiff plans to assert that Lonczak should have been retained instead of Turner, who was not in a position being eliminated, and intends to try to prove that Lonczak was equally or better qualified for Turner's position than she was. Such evidence should not be allowed. It is irrelevant and prejudicial, and would allow, indeed improperly

---

separate corporation that happened to be affiliated with Exxon. Plaintiffs offered no proof that their supervisors and managers had any authority over hiring decisions at those other companies. Thus, even if they were denied jobs at the Exxon-affiliated companies because of their age, plaintiffs failed to demonstrate that Exxon is the appropriate party to be held liable for that discrimination. We therefore find that the district court did not abuse its discretion by excluding evidence of Exxon's failure to transfer plaintiffs.")

2

encourage the jury to act as a personnel department, rather than a trier of fact on a claim of age discrimination.

Thus, such evidence would only be relevant, and admissible, if there was evidence of a policy or practice, of allowing salaried employees working in positions deemed superfluous, to bump incumbent employees.[2] Indeed, Defendant did not consider whether any employee targeted for layoff could perform a job already filled, whether or not that employee was arguably better at the filled position.[3]

To allow testimony that Defendant failed in some obligation to transfer him, especially to a position already filled by a competent woman also in the protected age bracket, would be inconsistent with the law, and Defendant's unequivocal right not to do so. Thus, it is well-settled under the ADEA that an employer is under absolutely no obligation to transfer an employee in lieu of termination where the employee's position is eliminated during a reduction in force ("RIF") layoff. Therefore, Lonczak should be precluded from offering any evidence relating to the failure to allow such a bump or transfer, and this issue should be appropriately decided before trial via Motion in Limine. See Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 919 (7th Cir. 2000)(upholding a Motion in Limine to such effect)( "Surely, every one of the 350[4] employees who lost his

---

[2] Bumping is used to refer to a transfer to a position already filled by another employee, as compared to a transfer to a vacant position.

[3] This is not to suggest that Plaintiff's assertions to this point are true. However, even if true, companies are generally reluctant to allow such bumping, especially in times of financial crisis causing a RIF, since it would result not only in fewer employees performing the work, but fewer employees in positions they are familiar with. Thus, a failure to allow bumping is sound personnel practice. What is more relevant, is that caselaw clearly establishes that the failure to do so is not evidence of discrimination.

[4] Materials before the court show within three years of the asset purchase in bankruptcy, over seven hundred employees have separated from Defendant's employment.

or her job as a result of this RIF would have preferred a transfer over a termination. However, a general desire to receive a transfer rather than a pink slip does not establish a discriminatory motive by the employer.)

### **Argument**

1.  <u>The Defendant was under no duty to transfer the Plaintiff to another position within the company instead of laying him off as part of its RIF.</u>

The Defendant terminated Lonczak in April of 2004 as part of an RIF of 41 Chicopee employees (and additional Field Office Sales Personnel) that was instituted due to the Defendant's financial difficulties. The RIF was accompanied by a restructuring within the company that eliminated the Lonczak's position and assigned his remaining responsibilities to Roseanne Turner who worked in a different department for a different manager. There simply was no legal obligation to consider retaining Lonczak, whose job was clearly going away at some point, instead of Roseanne Turner, who was working in the IT department.

It is well-settled in this circuit that, under the ADEA, an employer implementing a RIF layoff is under absolutely no obligation to transfer an affected employee before terminating his/her employment. *See* <u>Pages-Cahue v. Iberia Lineas Aereas de Espana</u>, 82 F.3d 533, 539 (1st Cir. 1996)("employers conducting a reduction in force face no obligation to offer 'lower echelon, poorer paying jobs in the restructured enterprise' to all older employees.")*(citations omitted)*; <u>Estevez v. Edwards Lifesciences Corp.</u>, 379 F.Supp.2d 261, 265 (D. P. R. 2005)("An employer does not have the duty to offer a transfer or relocation to another position to a person affected by a layoff.")(*citing* <u>Hold v. The Gamewell Corp.</u>, 797 F.2d 36, 38 (1st Cir. 1986)).[5]  Therefore, under these

---

[5] This rule is consistently applied by other circuits with regard to RIF layoffs under the

circumstances, the Defendant was not required to transfer, or even consider transferring Lonczak, to a position that was not vacant, and he should be precluded from offering any evidence relating to such a putative transfer at trial.

A motion in limine is the proper vehicle for excluding such evidence in this case. *See* Suazek, 202 F.3d at 919. In Suazek, the district court had granted an employer's motion in limine to preclude all evidence relating to the employer's failure to transfer an employee in a RIF claim under the ADEA. Upholding the motion, the Appeals Court noted that that,

> [t]he ADEA does not mandate that employers establish an interdepartmental transfer program during the course of a RIF; an employer incurs no duty to transfer an employee to another position when it reduces its workforce for economic reasons.

Id. (*quoting* Taylor v. Canteen Corp., 69 F.3d 773, 780 (7th Cir. 1995)). The court then when on to state that evidence relating to a transfer (or a lack thereof) could only be probative of an employer's discriminatory intent under the ADEA where the employee shows that there was a position available, that the employee was qualified for that position and that the employee applied for that specific position during the RIF. Id.

Therefore, the court should grant the Defendant's motion and preclude the Plaintiff from offering any and all evidence relating to any transfer, or lack thereof, or failure to consider such transfer, to another position within the company.

---

ADEA. *See, e.g.*, Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1983); Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir. 1986)("Where an employer reduces his [or her] workforce for economic reasons, it incurs no duty to transfer an employee to another position within the company.")(*citations omitted*); Taylor v. Canteen Corp., 69 F.3d 773, 780 (7th Cir. 1995); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1422 (9th Cir. 1990); Earley v. Champion Int'l Corp., 907 F.2d 1077, 1083 (11th Cir. 1990).

Respectfully submitted,

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:   February 20, 2008                Tel.:  (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant's Motion In Limine To Preclude The Plaintiff From Presenting Any Evidence That Defendant Discriminated Against Him When It Failed To Offer Him Another Position, Including That Of Roseanne Turner, Or Presenting Evidence Of The Comparative Qaulifications Of Roseanne Turner And Plaintiff* was served upon the attorney of record for each other party via electronic filing, on February 20, 2008.

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.