*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

|  |  |
|---|---|
| GARY J. LONCZAK,<br><br>                    Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF BALL<br>OPERATIONS, INC.,<br><br>                    Defendant. | CIVIL ACTION NO. 05-30180-KPN<br><br>**DEFENDANT'S PROPOSED JURY<br>INSTRUCTIONS** |

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

INTRODUCTION

Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties accept that you will carefully and impartially consider all of the evidence,

follow the law as it is now being given to you, and reach a just verdict, regardless of the

consequences.


Source of Instruction:  Section 71.01, FEDERAL JURY PRACTICE AND INSTRUCTIONS, Hon.
Edward J. Devitt and Hon. Charles B. Blackmar (4th ed. 1987).

Given as requested  _____
Given as modified   _____
Refused             _____
Withdrawn           _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

CONSIDERATION OF THE EVIDENCE
AND DUTY TO FOLLOW INSTRUCTIONS

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.  It would be a violation of your sworn duty to base a verdict upon a view of the law other than that given in the instructions of the court just as it also would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

Employers, their management and employees, and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  The fact that Callaway Golf Ball Operations, Inc. is the Defendant does not mean that it is not entitled to have its defenses considered equally with the claims of the Plaintiff, or that you are not obligated to apply the law as I shall instruct you.  To decide this case based upon any bias against corporations, or because you believe that the Defendant could afford to pay, would violate your sworn obligations as jurors.  In this case, as in any other, Plaintiff is not entitled to recover money unless he establishes a legal right for such recovery under the standards that exist in the law.

In your deliberations, you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted into the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who has seen or heard the facts to which he or she

testifies, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances, tending to prove, or disprove, an ultimate conclusion.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

A number of exhibits and testimony related to them have been introduced.  You will determine what weight, if any, the exhibits should receive in light of all of the evidence.

As indicated earlier, you must consider, among other things, all exhibits received in evidence, regardless of who may have produced them.  Where both parties have identified as exhibits some of the same documents, in order to avoid duplication (the necessity of the jury having to review two sets of exhibits, many of the parts of which would be identical), this Court declines to admit exhibits of one party that are duplications of exhibits already admitted into evidence by the other party.  Therefore, you are to attach no significance whatsoever to the fact that a given item of evidence has been introduced by Plaintiff, as opposed to the Defendant, or vice versa.

Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.

Source of Instruction:  Basic Instruction 2.1, PATTERN JURY INSTRUCTIONS CIVIL CASES. U.S. Eleventh Circuit District Judges Association (1990 ed. West), as modified by counsel for Defendant.

Given as requested _____
Given as modified    _____
Refused                     _____
Withdrawn                _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

CREDIBILITY OF WITNESSES

By saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions. Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have knowledge of things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Source of Instruction: Basic Instruction 3, PATTERN JURY INSTRUCTIONS CIVIL CASES, U.S. Eleventh Circuit District Judges Association (1990 ed. West).

Given as requested _____
Given as modified   _____
Refused            _____
Withdrawn          _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

IMPEACHMENT OF WITNESSES

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that statement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source of Instruction:  Basic Instruction 4.1, PATTERN JURY INSTRUCTION CIVIL CASES, U.S. Eleventh Circuit District Judges Association (1990 ed. West).

Given as requested _____
Given as modified   _____
Refused             _____
Withdrawn           _____

_____
UNITED STATES MAGISTRATE JUDGE

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5</u>

<u>SUMMARY OF CLAIM</u>

The Plaintiff here claims that Defendant, Callaway Golf Ball Operations, Inc., intentionally discriminated against him on the basis of his age, when it laid him off on April 14, 2004.  The Age Discrimination in Employment Act makes it unlawful for an employer to layoff or terminate an employee because of age.

On the other hand, a company is entitled to lay-people off for virtually any reason, including saving money, as long as it does not layoff employees because of age.  The Defendant contends that Plaintiff and others were laid off in order to save money in response to the company's poor financial performance at the time.  If that is the case, and an employee is not terminated due to his age, there has been no unlawful age discrimination.

It will be your responsibility to decide whether the Plaintiff has proven his claim of age discrimination against Defendant by a preponderance of the evidence.

Source of Instruction:  29 U.S.C. §621 et seq.

Given as requested _____
Given as modified    _____
Refused                     _____
Withdrawn               _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

PREPONDERANCE OF THE EVIDENCE

The burden is on Plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. A preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. In other words, to "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source of Instruction: PATTERN JURY INSTRUCTIONS (CIVIL) Fifth Circuit § 2.20 (1998) (modified).

Given as requested _____
Given as modified   _____
Refused             _____
Withdrawn           _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

REQUIRED ELEMENTS OF AGE DISCRIMINATION

In this case, Plaintiff accuses Defendant of age discrimination in violation of federal law.  To prove his claim, the Plaintiff must ultimately prove by a preponderance of the evidence that when it terminated him the Defendant intentionally discriminated against him because of his age.

As a preliminary matter, the Plaintiff must first prove four required elements:  (1) that he was over forty; (2) that he was qualified for the position of logistics manager for Ben Hogan Golf Clubs; (3) that he was laid off or terminated by Defendant; and (4) either a substantially younger person was retained in Plaintiff's position as a logistics manager for Ben Hogan Golf Clubs or the Defendant otherwise failed to treat the Plaintiff age neutrally in implementing the layoff.

It is clear that the Plaintiff was over forty, was qualified for the position of logistics manager, and was laid off.  However, the parties dispute whether the Plaintiff was replaced, or if the Defendant treated age neutrally in implementing the layoffs.  If you are not persuaded that the Plaintiff has shown that he was replaced as a logistics manager for Ben Hogan Golf Clubs by a substantially younger person, or that Defendant did not treat age neutrally in implementing the layoffs, you must find for the Defendant.

If the Plaintiff has met his initial burden, you must then decide the ultimate issue of the case, which is whether the Defendant intentionally discriminated against the Plaintiff because of his age.  This means that Plaintiff must prove by

a preponderance of the evidence that his age actually motivated the Defendant's decision to lay him off and that his age was the determinative factor in Defendant's decision. "Determinative factor" means that if not for the Plaintiff's age, the layoff would not have occurred.

Defendant has indicated that at the time it made the decision it needed to save money by reducing staff, and at the time it believed that within a short period of time, all the work Mr. Lonczak was performing would be absorbed by employees working for its parent company in California. It states that Roseanne Turner, who had previously performed duties similar to Mr. Lonczak, and was at the time working in the IS department, would be able to cover the portions of Mr. Lonczak's job that remained, in addition to her regular duties, for what was expected to be a brief period. The company admits that the period that Ms. Turner covered for some of Mr. Lonczak's duties was extended, because of decisions made by its parent company that delayed the transition, but that ultimately Ms. Turner ceased performing any duties relating to the Ben Hogan Golf club. I instruct you that if you find that this is true, you must find for the Defendant. However, if you conclude that Defendant's explanation for its conduct is a pretext for age discrimination, then you may, but need not, find that Plaintiff has proved intentional discrimination.

In determining whether Defendant's stated reason for its action was a pretext, or excuse, for discrimination, you may not question Defendant's business judgment. You cannot find discrimination simply because you disagree with the business judgment of Defendant, for example, because you believe that it could

have saved money without laying people off.  You cannot find discrimination

because you believe it is harsh or unreasonable to have laid off this particular

individual or individuals instead of someone else, or because you feel that it

should have found some other job for the Plaintiff to do so that he would have

remained employed.  You are not to consider either the wisdom or fairness of

Defendant's decision.  However, you may consider whether Defendant's stated

explanation is merely a cover-up for age discrimination.

Source of Instruction:  FEDERAL EMPLOYMENT JURY INSTRUCTIONS, (Rev. 7th Ed.
2007), § 2:263, *citing,* MODEL JURY INSTRUCTIONS (CIVIL) Third Circuit § 8.1.2
(2006) (modified); O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308,
312-313 (1996); Currier v. United Technologies Corp., 393 F.3d 246, 254 (1st Cir.
2004); Williams v. Raytheon Co, 220 F.3d 16, 20 (1st Cir. 2000).

Given as requested     _____
Given as modified       _____
Refused                        _____
Withdrawn                    _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

REPLACEMENT DEFINED

In order for the Plaintiff to prove that he was replaced, he must prove that the Defendant hired or reassigned a substantially younger employee specifically to perform only the Plaintiff's duties.  The mere fact that the Plaintiff's duties and responsibilities are absorbed by other employees, who perform these duties along with their own, does not constitute being a replacement under the ADEA. Similarly, if the Plaintiff's duties were simply redistributed among other employees already performing similar work, there has been no replacement.

Source of Instruction:  Cruz-Ramos v. Puerto Rico Sun Oil Co., 202 F.3d 381, 384 (1st Cir. 2000); Pages-Cahue v. Iberia Lineas Aereeas De España, 82 F.3d 533, 539 (1st Cir. 1996); LeBlanc v. Great American Insurance Co., 6 F.3d 836, 846 (1st Cir. 1993); Godfredson v. Hess & Clark, Inc., 173 F.3d 365, 373 (6th Cir. 1999.

Given as requested _____
Given as modified   _____
Refused             _____
Withdrawn           _____


_____
UNITED STATES MAGISTRATE JUDGE

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9</u>

<u>EMPLOYER FREE TO ACT FOR NON-DISCRIMINATORY REASONS</u>

In reviewing the evidence presented, you should be mindful that the law only requires that an employer not discriminate against an employee because of the employee's age. The law is not intended to be a vehicle for judicial second-guessing of business decisions; nor was it intended to transform our courts into super personnel managers.

An employer is entitled to make its own policy and business judgment, and may therefore, absent discrimination, layoff whomever it chooses in order to save money -- even an outstanding employee -- for reasons that the employer considers to be in its best interests. The law does not require an employer to lay off or terminate a younger employee holding a different job for which Plaintiff was qualified. Nor is the failure to do so evidence of discrimination. The law is not a guarantee of continued employment to those over forty. It merely prohibits employers from using age as a determining factor to disadvantage employees in the protected class.

An employer is entitled to make its own subjective personnel decisions, however misguided they may appear to you, and can layoff any employee for any reason that is not discriminatory. Therefore, you should not find that the Defendant's decision is unlawful just because you may disagree with Defendant's stated reason for Plaintiff's layoff or you believe that the decision was harsh or unreasonable, as long as Defendant would have reached the same decision regardless of Plaintiff's age.

An employer may discharge, layoff, or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Defendant, even though you personally may not approve of the action taken and would have acted differently under the circumstances.  In this regard, you should not re-examine the wisdom of Defendant's business decisions, so long as those decisions are not made on the basis of age.

Similarly, the law does not require an employer to extend any special or favored treatment to employees in the protected age group.  An employer need not consider seniority when selecting which employees to layoff, or allow individuals being laid off to bump to other shifts or positions.  The law does not require that employees lawfully selected for layoff be recalled to work if, later, the employer needs to hire additional employees.

Your focus should be on the employer's state of mind when it made the decision to lay off the Plaintiff.  The fact that subsequent to the decision things may not have happened exactly as the Company planned does not mean that the Company, when it made a decision, did not expect things to happen as it claims.  You may consider what happened subsequently, but only to decide if the company's explanation for its decision is pretext.  In other words, if at the time of its decision the Company actually believed that certain things would occur, or actually believed that a certain staffing level would be sufficient, the mere fact that things did not happen as planned does mean that the decision, when made,

was discriminatory.  If you determine that the Plaintiff was included among those being laid off by Defendant for any reason unrelated to Plaintiffs age, you must find for Defendant.

Unless the employee is selected for layoff because of his age, it is not against the law to layoff an employee who is over the age of forty.  Therefore, the fact that Plaintiff is over forty years of age is not, in and of itself, evidence of a discriminatory intent based on age.

Authority:  Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981); Smith v. E&L Trans. Co., 856 F.2d 196 (6th Cir. 1988); Pattern Jury Instructions, Civil  Cases, U.S. Eleventh Circuit, FEDERAL CLAIMS INSTRUCTIONS No. 1.4.1 (2000 edition) (modified); ABA MODEL JURY INSTRUCTIONS, EMPLOYMENT LITIGATION, No. 1.08(9)(b) (1994 edition) (modified); LeBlanc v. Great American Ins. Co., 6 F.3d 836, 846 (1st Cir. 1993); Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991).

Given as requested  _____
Given as modified   _____
Refused                 _____
Withdrawn            _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

NO OBLIGATION TO TRANSFER EMPLOYEES

Plaintiff may have been capable of performing tasks other than his own. However, an employer has no duty under ADEA to permit an employee to transfer to another position or displace workers with less seniority when the employee's position is eliminated as part of a workforce reduction.  It is not evidence of age discrimination for a company to not transfer employees whose jobs are being eliminated into other positions, including lower rated and lower paid positions, even if the employee targeted for layoff was able to perform the job.  A company cannot make decisions based on age, but need not make decisions in an effort to minimize the effects of an age-neutral decision on a particular employee because of that employee's age.  A company only needs to refrain from making decisions based on age.

Source of Authority:  Estevez v. Edwards Lifesciences Corp., 379 F. Supp. 2d 261, 265 -266 (D. P.R. 2005) ("An employer does not have the duty to offer a transfer or relocation to another position to a person affected by a layoff.  Holt v. The Gamewell Corp., 797 F.2d 36, 38 (1st Cir. 1986).  If more is to be said, employers conducting a reduction in force face no obligation to offer 'lower echelon, poorer paying jobs in the restructured enterprise' to all older employees. Pages-Cahue v. Iberia Lineas Aereas de Espana, 82 F.3d 533, 539 (1st Cir. 1996)."); see Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 517 (6th Cir. 1991); Barnes v. GenCorp Inc., 896 F.2d 1457, 1469 (6th Cir. 1990) ("an employer has no duty under ADEA to permit an employee to transfer to another position or to displace workers with less seniority when the employee's position is eliminated as part of a workforce reduction."); see, e.g., Simpson v. Midland-Ross Corp., 823 F.2d 937, 942 n.6 (6th Cir. 1987); Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir. 1986) (stating that "[w]here an employer reduces his workforce for economic reasons, it incurs no duty to transfer an employee to another position within the company"); Taylor v. Canteen Corp., 69 F.3d 773, 780 (7th Cir. 1995); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1422 (9th Cir. 1990); Earley v. Champion Int'l Corp., 907 F.2d 1077, 1083 (11th Cir. 1990).

Given as requested _____
Given as modified    _____
Refused                   _____
Withdrawn              _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

ELIMINATION OF HIGHER SALARIED EMPLOYEES NOT AGE
DISCRIMINATION

While it is unlawful to discharge an individual because of his or her age, it

is not unlawful for a company to try to reduce costs by discharging high salaried

employees, even if the higher paid employee is older.  While, on average, those

workers with the highest salaries are older workers, high salary and age are

distinct, and employment decisions based on the employee's level of

compensation is not violative of the ADEA.

Source of Authority:  Hazen Paper Company v. Biggins, 507 U.S. 604 (1993);
Sperling v. Hoffmann-La Roche, 924 F. Supp. 1396, 1405 (D. N. J. 1996) ("[i]f
Employer fired him because of his high salary … does not state a cause of action
for which relief can be granted under the ADEA."); Parcinski v. Outlet Co., 673
F.2d 34, 37 (2d Cir. 1982) cited with approval in Pages-Cahue v. Iberia Lineas
Aereeas De Espana, 82 F.3d 533, 538 (1st Cir. 1996); Thomure v. Phillips
Furniture Company, 30 F.3d 1020, 1024 (8th Cir. 1994) (stating that the
defendant could "'take account of one [salary] while ignoring the other [age]' ...
even though there happened to be a correlation between the two in several
cases."), cert. denied, 513 U.S. 1191, 115 S. Ct. 1255, 131 L. Ed. 2d 135 (1995);
Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1125-26 (7th Cir. 1994)
(noting that Hazen's "rationale applies with equal force to cases where workers
are discharged because of salary considerations"); Chiano v. Dimension Molding
Corporation, 1993 WL 326687 *2 n.3 (N.D. Ill. August 25, 1993); Bornstad v. Sun
Company, Inc., 1993 WL 257310 *2 (E.D. Pa. June 28, 1993) (citing, Hazen
Paper for the proposition that "equat[ing] alleged seniority cost-saving motivation
with age discrimination" is an approach that is "no longer viable"), aff'd, 19 F.3d
642 (3d Cir. 1994) (TABLE).  See also Bay v. Times Mirror Magazines, Inc., 936
F.2d 112, 117 (2d Cir. 1991) ("there is nothing in the ADEA that prohibits an
employer from making employment decisions that relate to an employee's salary
to contemporaneous market conditions and the responsibilities entailed in
particular positions and concluding that a particular employee's salary is too
high[,]" even though "high salary and age may be related").

Given as requested _____
Given as modified   _____
Refused             _____
Withdrawn           _____

_____
UNITED STATES MAGISTRATE JUDGE

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12</u>

<u>EMPLOYER NEED NOT HONOR SENIORITY</u>

It is undisputed that when making its determinations regarding who to lay-off the Defendant's managers did not give consideration to the length of employment, sometimes called seniority, the individual had with Spalding. While you may work at places where seniority is considered when making such decisions, or believe that it should be considered for such purposes, I instruct you that the law does not require that an employer consider seniority when making employment decisions, and the failure to do so is not evidence of age discrimination. You may not consider how long a particular employee worked for this Defendant, or Spalding, when making your decision.

Source of authority: <u>Wilson v. Firestone Tire & Rubber Co.</u>, 932 F.2d 510, 517 (6th Cir. 1991) ("The ADEA only bars discrimination on account of age; it does not place on employers an affirmative obligation to retain older workers whenever a reduction in staff becomes necessary"); <u>Tice v. Lampert Yards, Inc.</u>, 761 F.2d 1210, 1217 (7th Cir. 1985) (the ADEA "does not place an affirmative duty upon an employer to accord special treatment to members of the protected age group" ... and "was not intended to legislate seniority rights where none exist in the contract of employment") (*quoting* <u>Williams v. General Motors Corp.</u>, 656 F.2d 120, 129 -130 n.17 (5th Cir. 1981)); <u>Messner v. Lockheed Martin Energy Systems, Inc.</u>, 126 F. Supp. 2d 502, 513 (E.D. Tenn. 2000).

Given as requested _____
Given as modified  _____
Refused          _____
Withdrawn        _____


_____
UNITED STATES MAGISTRATE JUDGE

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13</u>

<u>GENERAL ATMOSPHERE OF DISCRIMINATION AND INDIVIDUAL
DECISIONS</u>

You may consider stray remarks as evidence of discriminatory animus
only where those remarks are:

1.  Specifically related to age;

2.  Proximate in time to the decision to discharge the Plaintiff;

3.  Made by an individual with authority over the decision to discharge the
    Plaintiff or influence the decision maker, and

4.  Related to the decision to discharge the Plaintiff.

Stray remarks made by non-decision-makers or stray remarks made by
decision-makers that are unrelated to the decision to discharge the Plaintiff do
not, by themselves, prove discriminatory animus or discriminatory intent on the
part of Callaway Golf Ball Operations, Inc.

Such comments, to the extent credited by you, may or may not lead you to
conclude that there was a general atmosphere of discrimination based on age.
However, a general atmosphere of discrimination is "not the equivalent of proof
of discrimination against an individual."  It is your job to determine whether a
particular termination decision was discriminatory based on age.

Even if there is no general atmosphere of discrimination, a particular
decision may be discriminatory.  By the same token, there may be a general
atmosphere of discrimination, yet a particular decision may not be discriminatory.
In rendering your verdict you may consider whether Plaintiff has demonstrated a
general atmosphere of discrimination based on age, but you must ultimately

focus on, and determine, whether the decision to layoff the Plaintiff was based on age.

Source of Instruction: FEDERAL EMPLOYMENT JURY INSTRUCTIONS, (Rev. 7th Ed. 2007), § 2:460 (as modified by counsel for Defendant); Conto v. Concord Hospital, Inc., 265 F.3d 79, 81 (1st Cir. 2001); Ruiz v. Posadas de San Juan Associates, 124 F.3d 243 (1st Cir. 1997) (*citing,* Sweeney v. Board of Trustees of Keene State College, 604 F.2d 106, 113 (1st Cir. 1979), *citing,* Brown v. CSC Logic, Inc., 82 F.3d 651, 655 (5th Cir. 1996)(*citations omitted*)); Laurin v. Providence Hospital, 150 F.3d 52, 58 (1st Cir. 1998); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 6 fn.8 (1st Cir. 1998); *see also* Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); Phelps v. Jones Plastic & Engineering Corp., 20 Fed. Appx. 352, 357-58 (6th Cir. 2001); McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998); Zades v. Lowe's Home Centers, Inc., 446 F. Supp. 2d 29, 38-39 (D. Mass. 2006).

Given as requested  _____
Given as modified   _____
Refused             _____
Withdrawn           _____

_____
UNITED STATES MAGISTRATE JUDGE

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14</u>

<u>NO INFERENCE SHOULD BE DRAWN MERELY FROM CHANGES BY NEW
MANAGEMENT</u>

In the instant case, it is undisputed that the company Spalding/Top-Flite, the Company that the Plaintiff had begun its Chicopee employment, had gone bankrupt at the end of July 2003.   The Defendant in this case was a newly created company that simply bought some of the assets of the bankrupt company at a court ordered auction, held so that the former company could best pay off some of its debts.  As a matter of law, the new Company was not obligated to assume any of the debts or obligations of the defunct company, or even hire any of the employees of the bankrupt company, as long as it did not make hiring decisions in a discriminatory fashion.

As a new Company, "…it is inevitable that when management changes so will some of the circumstances surrounding employment", changes not precluded by the ADEA, which is a discrimination statute and is not intended to handcuff the managers and owners of businesses to the status quo.

Unless they were discriminatorily based on age, the Defendant here was entitled to make changes, and you should draw no inferences simply based on the fact that the new company made changes, including changes that effected employees.

Source of authority:  <u>Gray v. York Newspapers, Inc.</u>, 957 F.2d 1070, 1083 (3rd Cir. 1992).

Given as requested _____
Given as modified  _____
Refused            _____
Withdrawn          _____

_____
UNITED STATES MAGISTRATE JUDGE

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15</u>

<u>DAMAGES – BACKPAY</u>

I will instruct you as to how to calculate damages if you find that the Plaintiff was removed from his position unlawfully, but the fact that I am so instructing you should not be interpreted as meaning that I believe that you should or should not find liability. I am giving these instructions only to assist you in the event you find that the Plaintiff was unlawfully terminated.

If you find that Defendant did not intentionally discriminate against the Plaintiff based on his age, he will not be entitled to any damages. If you determine that Defendant intentionally discriminated against the Plaintiff on the basis of his age, you must determine what amount the amount of damages, if any, that the Plaintiff sustained up to the date of this trial. You may award Plaintiff an amount equal to the pay and benefits that he would have received from Defendant if the age discrimination had not occurred.

In making this decision, you are intending to make a victim of discrimination whole, but not provide a windfall.

In determining the Plaintiff's backpay award, the period that backpay begins is when he stopped receiving his wages and benefits from Defendant. It is clear here that to the extent there is backpay, the backpay period started on May 1, 2004, since his wages and benefits were continued through the end of April. However, you will need to decide when to end the backpay period.[1]

---

[1] The Defendant does not believe, on the evidence in this case, that the jury should be allowed to award backpay beyond 2005. Nevertheless, the instruction is provided here in the event that the court disagrees and submits that issue to the jury.

The backpay period, at the latest, ends with your decision.  However, in discrimination suits, backpay stops at the time the Plaintiff would have been the victim of a similar fate, *i.e.*, termination, due to subsequent business developments.  Even if the plaintiff were discriminated against in 2004 he would only be entitled to recover damages for the period of time he would have worked but for wrongful termination; he should not recover damages for the time after which his employment would have ended for a non-discriminatory reason.

Therefore, even if you find that the Plaintiff was the victim of age discrimination in April of 2004, the period for which he is entitled to backpay ends when he would have been laid off for a legitimate, non-discriminatory reason.  Therefore, if you find that he would have been terminated when his alleged replacement stopped working for the Company, or at some time before today, you should not award backpay for any period after that time.

Source of Instruction:  PROPOSED CIVIL PATTERN JURY INSTRUCTIONS – EMPLOYMENT DISCRIMINATION (DISPARATE TREATMENT), Judge Hornby, United States District Court, District of Maine, § 7.2 (2004) (as modified by counsel for Defendant); FEDERAL EMPLOYMENT JURY INSTRUCTIONS, (Rev. 7th Ed. 2007), § 2:781 (modified), *citing,* MODEL JURY INSTRUCTIONS (CIVIL) Ninth Circuit § 14.8 (2002); Ramirez v. The Chase Manhattan Bank, 109 F. Supp. 2d 62, 65 (D. P.R. 2000) ("Ordinarily relief in discrimination suits will cease in the event that the plaintiff would have been the victim of a similar fate, *i.e.*, termination, due to subsequent business developments.  '[T]he person discriminated against should only recover damages for the period of time he would have worked but for wrongful termination; he should not recover damages for the time after which his employment would have ended for a nondiscriminatory reason.'") (*citing,* Blackburn v. Martin, 982 F.2d 125, 128-129 (4th Cir. 1992)); *see also* Bartek, Urban Redevelopment Authority Of Pittsburgh, 882 F.2d 739, 740 (3rd Cir. 1989) (backpay award ceased when position at issue eliminated).

Given as requested _____
Given as modified    _____
Refused              _____
Withdrawn            _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

DAMAGES NOT RECOVERABLE

In calculating the Plaintiff's back pay award, you may include the proven

replacement costs of a benefit, such as life insurance, that Plaintiff was receiving

from Defendant before his layoff, if, but only if, the Plaintiff actually has spent

money to replace the benefit.  Also, you may not award the Plaintiff any damages

for pain and suffering, emotional distress, mental anguish or any other related

things.  Such damages are not available under the ADEA, and they must not

factor into or influence in any way your damage calculation for the Plaintiff.

Source of Instruction:  Lubke v. City Of Arlington, 455 F.3d 489, 499 (5th Cir.
2006) ("In ADEA cases, an employee "is limited to recovery of those expenses
actually incurred by either replacement of the lost insurance or occurrence of the
insured risk." Pearce v. Carrier Corp., 966 F.2d 958, 959 (5th Cir. 1992); see
also Brunnemann v. Terra Int'l, Inc., 975 F.2d 175, 179 (5th Cir. 1992).  Although
Lubke disputes the applicability of ADEA cases, the ADEA incorporates the
remedies available under the Fair Labor Standards Act ("FLSA").  See 29 U.S.C.
§ 626(b).  Moreover, "the legislative history of the FMLA reveals that Congress
intended the remedial provisions of the FMLA to mirror those in the FLSA."  Nero
v. Indust. Molding Corp., 167 F.3d 921, 928 (5th Cir. 1999) (quoting Frizzell v.
Southwest Motor Freight, 154 F.3d 641, 644 (6th Cir. 1998)).  Because the
remedies available under the ADEA and the FMLA both track the FLSA, cases
interpreting remedies under the statutes should be consistent.  Consequently, we
hold that the correct measure of damages for lost insurance benefits in FMLA
cases is either actual replacement cost for the insurance, or expenses actually
incurred that would have been covered under a former insurance plan.  The lost
"value" of benefits, absent actual costs to the plaintiff, is not recoverable.");
Kossman v. Calumet County, 800 F.2d 697, 703-04 (7th Cir. 1986) (Including the
cost of insurance coverage in a backpay award when the victim of discrimination
fails to secure alternative coverage allows the victim to recover an unwarranted
windfall unless he or she can demonstrate that they were unable to secure
coverage and had a medical expense), overruled on other grounds, Coston v.
Plitt Theatres, Inc., 860 F.2d 834, 835-36 (7th Cir. 1988); Erie County Retirees
Association v. County of Erie, 166 F. Supp. 2d 310, 311 (W.D. Penn. 2001)
(awarding damages without factoring in post-termination insurance benefits
would create a "windfall"); Merkel v. Scovill, Inc., 570 F. Supp. 141, 146 (S.D.
Ohio 1983) ("to include the amount of the insurance premiums in the back-pay
award would make plaintiffs more than whole."); see also Galindo v. Stoody Co.,

793 F.2d 1502, 1517 (9th Cir. 1986) ("lost insurance coverage, unless replaced or unless actual expenses are incurred, is simply not a monetary benefit owing to the plaintiff.").

Given as requested _____
Given as modified    _____
Refused              _____
Withdrawn            _____

                          _____
                          UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

INTERIM EARNINGS TO BE DEDUCTED FROM BACKPAY

If you determine that Plaintiff is entitled to any back pay, you should reduce that amount by any interim earnings of the Plaintiff.  If you determine that Plaintiff is entitled to damages for any period of time following his termination from Callaway Golf Ball Operations, Inc., you must reduce these damages by what Plaintiff earned at other jobs in wages, earnings, or other income and benefits, or which he obtained in unemployment compensation after his layoff from his position with Calloway Golf Ball Operations, Inc.  You must also deduct the severance pay that the Plaintiff received from the Defendant after his layoff.

Source of Instruction:  MODEL JURY INSTRUCTIONS (CIVIL) Ninth Circuit § 14.8 (2002) (as modified by counsel for Defendant); Krause v. Dresser Industries, Inc., 910 F.2d 674, 680 (10th Cir. 1990); Denton v. Boilermakers Local 29, 673 F. Supp. 27 (D. Mass. 1987); Thurber v. Jack Reilly's Inc., 521 F. Supp. 238, 242-43 (D. Mass. 1981) aff'd, 717 F.2d 633 (1st Cir. 1983), cert. denied, 466 U.S. 904 (1984).

Given as requested _____
Given as modified   _____
Refused            _____
Withdrawn          _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO.  18

MITIGATION OF DAMAGES

Plaintiff has an affirmative duty to mitigate damages.  If the Plaintiff did not exercise reasonable diligence in finding comparable employment after his termination and comparable employment was available if the Plaintiff had exercised due diligence, then Plaintiff has failed to mitigate his damages and his back pay award should be reduced by the amount of money Plaintiff could have made had he exercised due diligence in seeking employment.

In determining whether the Plaintiff has met his duty to mitigate damages, you should consider the actual steps that were taken by the Plaintiff to secure alternate employment.  You should also consider the Plaintiff's background, education and experience in determining what jobs would have been available to the Plaintiff after his termination.

Self-employment can be considered as comparable employment if you determine that starting his own business was a reasonable alternative to the Plaintiff finding comparable work.  If you determine the Plaintiff's self-employment to be reasonable, then his earnings must be used to mitigate or offset his damage award, as it would if he were a traditional wage earner.  However, to calculate a self employed individual's earnings, you need to look at more than just the Plaintiff's pay checks or tax returns.  You must try to avoid awarding the Plaintiff double damages by taking into account all the benefits that the Plaintiff received in owning his own business that a traditional wage earner would not.

You may consider several factors in determining the benefits the Plaintiff received from owning his own business.  You should consider whether the Plaintiff drew a salary, obtained profits, or received dividends from the business.  You should consider whether personal expenses normally paid by a wage earner have been absorbed by the Plaintiff's business, such as car expenses, insurance, cell phone usage or vacations.  You should also analyze whether business expenses have been appropriately offset against revenues.  Another important factor, especially with regard to a newly formed business, is whether the profits or income have been reinvested into the business as capital assets, resulting in an increase in the value of the business.

Source of Instruction:  Denton v. Boilermakers Local 29, 673 F. Supp. 37, 48-49 (D. Mass. 1987); Williams v. Imperial Eastman Acquisition Corp., 994 F. Supp. 926, 932 (N.D. Ill. 1998); Teichgraeber v. Memorial Union Corp. of Emporia State University, 932 F. Supp. 1263, 1266 (D. Kan. 1996); Raya and Haig Hair Salon v. Pennsylvania Human Relations Cm'n, 915 A.2d 728, 736 (Pa. Cmwlth. 2007).

Given as requested _____
Given as modified   _____
Refused             _____
Withdrawn           _____

_____
UNITED STATES MAGISTRATE JUDGE

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

LIQUIDATED DAMAGES - WILLFULNESS

If you find that the Defendant violated the Age Discrimination in Employment Act, then you must decide whether the Defendant's conduct was "willful".  If you find the Defendant's violation of the age discrimination law was willful, then the court will award Plaintiff money damages in addition to the back pay that you award.  The Defendant's conduct was willful if the Plaintiff proves by a preponderance of the evidence that, when Defendant discharged the Plaintiff, the defendant either knew the discharge was in violation of the Age Discrimination in Employment Act or acted in reckless disregard of that law.

A finding that the Defendant violated the Age Discrimination in Employment Act does not automatically mean that the Defendant willfully violated the Act.  A willful violation cannot occur by accident, inadvertence, ordinary negligence, or through a good faith mistake.  To find a willful violation, the Plaintiff must prove by a preponderance of the evidence that the Defendant knew that it was subject to the Age Discrimination in Employment Act and voluntarily proceeded in the face of that knowledge to engage in conduct which it knew might violate the Act, or that the Defendant acted in reckless disregard of the Act.

Source of Instruction:  FEDERAL JURY EMPLOYMENT INSTRUCTIONS, (Rev. 7th Ed. 2007), §§ 741, 750 (as modified by counsel for Defendant), *citing,* Blackwell v. Sun Elec. Corp., 696 F.2d 1176, 1183 fn.10 (6th Cir. 1983); DRAFT MODEL JURY INSTRUCTIONS (CIVIL) Eighth Circuit § 5.12C (2004) (as modified by counsel for Defendant); Hazen Paper Co. v. Biggins, 507 U.S. 604, 614-17 (1993); Transworld Airlines, Inc. v. Thurston, 469 U.S. 111, 125-29 (1985); Sanchez v. Puerto Rico Oil Co., 37 F.3d 712, 721-22 (1st Cir. 1994).

Given as requested _____
Given as modified   _____
Refused                   _____
Withdrawn              _____

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully Submitted,

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO #405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:   February 11, 2008          Tel. (413) 737-4753/Fax (413) 787-1941

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing *Defendant's Proposed Jury Instructions* was served upon the attorney of record for each other party, via hand delivery, on February 11, 2008.

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.