*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

| | |
|---|---|
| GARY J. LONCZAK,<br><br>                            Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF BALL OPERATIONS, INC.,<br><br>                            Defendant. | CIVIL ACTION NO. 05-30180-KPN |

**DEFENDANT"S OBJECTIONS TO PLAINTIFFS PROPOSED JURY QUESTIONS**

       Defendant has submitted more detailed questions that it submits would better clarify the jury's findings, and assist either the district court or an appeals court to address certain disputed legal issues while lessening the risk of requiring a new trial. Defendant thereby objects to Plaintiff's questions and asks that its alternative questions be utilized. Addressing deficiencies in the Plaintiff's proposed questions further, Defendant notes as follows.

       1. The Defendant objects to the Plaintiff's question 1 as too broad. The sole issue raised by the Complaint related to a claim that Plaintiff was terminated (laid-off) due to his age. The Defendant's proposed question on the ultimate issue, better reflects the actual issue properly before the jury and properly sets forth the burden of

proving actual motivation based on age:[1]  A generalized inquiry regarding "discrimination" opens up the possibility that the jury is considering other issues.

      2.  Defendant objects to Question No. 2.  Question No. 2 simply asks whether defendant's actions were wilful.  It does not specifically identify what "actions are being judged" as wilful or not.  This ambiguity is compounded by the fact that such a term has both a general meaning that the jury would be familiar with, and a specific legal meaning that is relevant in this context.  It is desirable to ensure that the jury is aware that when answering this question they should be using the legal definition to decide if the disputed actions were "wilful."  Thus, Defendant has submitted the following alternative:  "Has Plaintiff proven by a preponderance of the evidence that the Defendant "willfully", as that term is described in my Instructions, violated federal law by discriminating against him on the basis of his age?"

      3.  Defendant objects to Question No. 3 to the extent it addresses "future damages".  The issue of "frontpay" or future losses in an ADEA case (unlike under M.G.L. ch. 151B) is for the court, not the jury, to decide, based on equitable factors that the jury cannot, and should not consider.  *See, e.g.*, Kelley v. Airborne Freight Corp., 140 F.3d 335, 354 (1st Cir. 1998) ("Within federal employment discrimination law, front pay is generally an equitable remedy awarded by the court, while, under ch. 151B, the jury awards front pay.") (*internal citations omitted*).  Thus, front pay should not be awarded unless the court determines that reinstatement is impracticable or impossible.  Wildman v. Lerner Stores Corp., 771 F.2d 605, 616 (1st Cir. 1985).  Even then, awards

---

[1] Thus Defendant has proposed "Based on the court's instructions, has the Plaintiff proven by a preponderance of the evidence that Plaintiff's age actually motivated the Defendant's decision to lay him off, and that his age was a determinative factor in the Defendant's decision? "

of front pay are discretionary, in part because they necessarily involve predictions of events yet to come." Johnson v. Spencer Press of Maine, 364 F.3d 368, 380 (1st Cir. 2004). Indeed, frontpay may be lessened, or denied entirely, based on such factors as the allowance of liquidated damages. See, e.g., Powers v. Grinnell Corp., 915 F.2d 34, *43 (C.A.1 (R.I.),1990).

                                  Respectfully Submitted,

                                  _____
                                  Jay M. Presser, Esq.
                                  BBO #405760
                                  Counsel for Defendant
                                  Skoler, Abbott & Presser, P.C.
                                  One Monarch Place, Suite 2000
                                  Springfield, Massachusetts  01144
Dated:  February 11, 2008          Tel. (413) 737-4753/Fax (413) 787-1941

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendant's Objections to Plaintiff's Proposed Jury Questions* was served upon the attorney of record for each other party, via hand delivery, on February 11, 2008.

                                  _____
                                  Jay M. Presser, Esq.