UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY J. LONCZAK,<br><br>                        Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF BALL OPERATIONS, INC.,<br><br>                        Defendant. | CIVIL ACTION NO. 05-30180-KPN<br><br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE REFERENCES TO DEFECTIVE RELEASES** |

      The Plaintiff, without case authority, or even specific argument, seeks to preclude references relating to allegedly "defective" releases. The "releases" here were part and parcel of the termination notices issued to Plaintiff, and other laid off employees and such letters, which *inter alia* explain the reasons for the layoffs, obviously would have relevance separate and apart from any "release".[1]

      As a preliminary yet important matter, Plaintiff's labeling of the Termination Letter as a "Defective Release" is both inaccurate and misleading. Rather, the termination letter was not accompanied by a workforce listing showing the job titles and ages of all the individuals selected to receive consideration in exchange for executing a release. *See, e.g.,* 29 C.F.R. § 1625.22(f)(1) (2007). That omission precluded Defendant from successfully asserting the release as an affirmative defense to an A.D.E.A claim. See, Halstead v. American International Group, Inc., et al., 2005 WL 885200, at *2 n.5 ("The effect of an employer violating the minimum standards is that the waiver is invalid and

---

[1] Plaintiff acknowledges that the jury should be informed of the severance payments granted to the employees as outlined in the termination letter.

can no longer be the basis of an affirmative defense to an A.D.E.A claim. See

Whitehead v. Oklahoma Gas & Electric Co., 187 F.3d 1184, 1191-92 (10th Cir. 1999);

S. Rep. No. 101-263, at 28 (1990), reprinted in 1990 U.S.C.C.A.N. 1509, 1541 (noting

that in order to assert a valid defense, employers will have to prove that the relevant

factors of § 626(f) are met). In fact, Defendant has never claimed that the Termination

Letter, which presumably is the evidence Plaintiff seeks to exclude, precludes the

A.D.E.A claim. Thus, to the extent Plaintiff's motion is intended to preclude Defendant

from arguing that the instant action was precluded by the release, it would be both

correct and superfluous.[2]

However, as noted by Justice Beyers, "… the statute [OWBPA] need not, and

does not, thereby make the worker's procedurally invalid promise totally void, *i.e.*,

without any legal effect, say, like a contract the terms of which themselves are contrary

to public policy. Oubre v. Entergy Operations, Inc., 522 U.S. 422, 433,118 S. Ct. 838,

844, 139 L. Ed. 2d 849 (1998)[3]. This is particularly true here, given the fact that the

Plaintiff brought a claim under state law as well as the A.D.E.A. Thus, the Release in

question was fully effective (and neither "defective" or ineffective as a bar to other

claims, including the claim under M.G.L. Ch. 151B that the Plaintiff brought

notwithstanding his execution of the release. This court has specifically held as much,

---

[2] If the court feared confusion, it could instruct the jury that the signed termination letter/release does not preclude the Plaintiff from pursuing this claim because the demographic data (the same evidence that Plaintiff ironically seeks to keep out of this trial in a separate Motion in Limine) was not furnished at the time.

[3] Justice Beyer noted the possibility that notwithstanding the fact that tender back was not required as a condition of the employee pursuing an A.D.E.A. claim, in the face of "a procedurally invalid promise" the employer could, subsequently, bring a claim against the employee. "Once he has sued, however, nothing in the statute prevents his employer from asking for restitution of his reciprocal payment or relief from any ongoing reciprocal obligation." Id.

finding that a state law claim brought by the Plaintiff was, under clear First Circuit precedent, precluded by the agreement Plaintiff entered into not to pursue such a claim. *See, e.g.,* Duval v. Callaway Golf Ball Operations, Inc., 501 F. Supp. 2d 254, 263 (D. Mass., 2007):[4]

> The court agrees with Defendant that the OWBPA's special release provisions do not apply to Chapter 151B age discrimination claims. See Stonkus v. City of Brockton Sch. Dep't., 322 F.3d 97, 103 (1st Cir. 2003) (holding that an "age discrimination claim [brought] pursuant to Mass. Gen. Laws. ch. 151B ... requires *none* of the pertinent elements of [the OWBPA]") (emphasis added). In addition, the court agrees with Defendant that the totality of the circumstances favors application of the release to Plaintiff's chapter 151B cause of action. First, as Defendant points out, Plaintiff was a well-educated, sophisticated employee. Second, Plaintiff cites no evidence of coercion. Third, there can be no question, as Defendant contends, that the agreement evidenced a clear release of Chapter 151B age discrimination liability; it unambiguously applied to "all ... liabilities ... arising under any ... state law regarding employment discrimination or termination." Fourth, Plaintiff had sufficient time and opportunity to review the agreement either alone or with counsel; indeed, Plaintiff consulted an attorney for that very purpose. And finally, as Defendant argues, the consideration, multiple weeks of severance payments, was quite substantial.

Thus, it is clear that not only is the severance pay received an offset against damages (as even Plaintiff concedes), but even as to an unsuccessful Plaintiff who brings an action notwithstanding a promise not to, especially when such claim is brought in part based on barred claims that were effectively released. Given this, the mere fact that the release here was ineffective to preclude an A.D.E.A claim, it is not sufficient to demonstrate that introduction of the termination letters here, which clearly demonstrate an effort (albeit legally insufficient to bar a claim) to treat these older workers fairly, notwithstanding the company's financial circumstances, inadmissible.

---

[4] It would be a closer question if the Plaintiff, after signing a release of all claims, merely brought a claim which was not barred by the release, *i.e.,* the claim under the A.D.E.A. However, that was not the case. Rather, Plaintiff chose to pursue a state law claim that was clearly banned, notwithstanding a promise not to do so. The jury is entitled to assign whatever weight they deem appropriate to such a fact.

        Respectfully submitted,

        /s/ Jay M. Presser, Esq.
        Jay M. Presser, Esq.
        BBO No. 405760
        Counsel for Defendant
        Skoler, Abbott & Presser, P.C.
        One Monarch Place, Suite 2000
        Springfield, Massachusetts  01144
Dated:   February 25, 2008        Tel.:  (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant's Objections to Plaintiffs' Motion in Limine to Exclude References to Defective Releases* was served upon the attorney of record for each other party via electronic filing, on February 25, 2008.

        /s/ Jay M. Presser, Esq.
        Jay M. Presser, Esq.