UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY J. LONCZAK,<br>   Plaintiff | )<br>)<br>) |
| vs. | )  CIVIL ACTION NO.: 05-30180-MAP<br>) |
| CALLAWAY GOLF BALL OPERATIONS, INC.,<br>   Defendant | )<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE
THAT DEFENDANT DISCRIMINATED AGAINST HIM WHEN IT FAILED TO
OFFER HIM ANOTHER POSITION, INCLUDING THAT OF ROSEANN TURNER,
AND PRESENTING EVIDENCE OF THE COMPARATIVE QUALIFICATIONS OF
ROSEANNE TURNER AND PLAINTIFF**

  Defendant's Motion is without merit and presents matters that have already been addressed on summary judgment.  To the extent that they have not been addressed on summary judgment, are issues that are entirely appropriate only for the jury to consider and not the proper subject of a motion in limine.  Mr. Lonczak was undisputedly replaced by a younger employee, Roseanne Turner, who then proceeded to do the same work he had been doing for a period of at least 18 months.  *Defendants* justification for their actions was that Ms. Turner was an appropriate person to fill this role because of her Information Technology experience.  As Defendants themselves state, Mr. Frye, Gary Lonczak's supervisor, never examined whether or not Mr. Lonczak was capable or had the same abilities as Ms. Turner in this regard.  Clearly, Mr. Frye assumed that an older employee such as Mr. Lonczak would not have the same kind of IT capabilities as a younger employee like Ms. Turner.  In fact, Mr. Lonczak had worked for years for Digital Equipment Corporation, and if Mr. Frye had not made the biased assumption that he did, Mr. Lonczak could have and would have remained with the company.  More to the point, the fact that the company asserts that the comparative qualifications of Ms. Turner and Mr. Lonczak

were the reason why it made the decision it did, but that they never even examined Mr. Lonczak's qualifications, is itself proof of pretext, and not something that should be excluded. The Defendants argument on this motion concerns whether or not Mr. Lonczak should have bumped some other employee. The evidence will show that it was Ms. Turner who took over Mr. Lonczak's position, and performed his work. It was Ms. Turner who was transferred, not the Plaintiff. Thus, such the motion is completely without merit.

                              THE PLAINTIFF, GARY J. LONCZAK
                              BY HIS ATTORNEY

Dated: February 25, 2008          /S/ Maurice M. Cahillane
                              Maurice M. Cahillane, Esq.
                              EGAN, FLANAGAN AND COHEN, P.C.
                              67 Market Street - Post Office Box 9035
                              Springfield, MA 01102
                              (413) 737-0260; Fax: (413) 737-0121
                              BBO# 069660

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the foregoing document was served this 25nd day of February, 2008, on all parties, by electronic delivery to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.

                              /S/ Maurice M. Cahillane
                              Maurice M. Cahillane, Esq.

12084-050156\152996