UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY J. LONCZAK,         ) | |
|     Plaintiff          ) | |
| ) | |
| vs.                              ) | CIVIL ACTION NO.: 05-30180-MAP |
| ) | |
| CALLAWAY GOLF BALL OPERATIONS, INC., ) | |
|     Defendant      ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO LIMIT TESTIMONY REGARDING BACK PAY
DAMAGES AFTER 2005**

Now comes the Plaintiffs and oppose the Defendant's Motion to Limit Back Pay Damages After 2005.

1. Defendant's motion is an admitted attempt on their part to refile part of their summary judgment motion previously denied. It is not the proper subject for a motion in limine. It is an attempt to try in limine issues that should be the subject of evidence at trial. Defendants do note that the Chicopee operation has in fact boomed during the pendency of this lawsuit, and that there are more workers there now than there had been before.

2. It should also be noted that there should not be a cutoff of damages for back pay as of December, 2005, even on the basis of what the Defendants are stating since, at that time, the Plaintiffs would presumably still have been entitled to the severance pay that they received anyway, which would carry their damages well into 2006.

3. Defendants assert that the Plaintiffs have an obligation to identify positions upon which an award of damages is to be based. All the Plaintiffs have done so.

4. In the case of Gary Lonczak, the Defendants essentially admit that at the time Mr. Lonczak was laid off in April, 2004 there was in fact a continuing need for his job, and that he was in fact replaced by a younger employee, Roseanne Turner, who continued to perform those

very functions until at least November, 2005. The Defendants assert that this was some kind of mistake and that Ms. Turner was not suppose to perform those duties after June, 2004, but whether or not that is in fact what happened and the reasons why the "expected" deadline was not met are questions for the jury. The fact is that Mr. Turner formally moved into Mr. Lonczak's position and performed his work from April, 2004 to at least November, 2005, at which time she then apparently returned to Information Technology duties. See Plaintiff's Summary Judgment, Exh. 28. Had Mr. Lonczak not been discriminated against he could have continued to perform his position at that time, and because he had a wealth of experience in Information Technology would have been entirely suitable to remain employed by the company up until today. As is implicit in the Defendant's motion, Roseann Turner was never laid off by the company, although she may have left voluntarily.

                THE PLAINTIFF, GARY J. LONCZAK
                BY HIS ATTORNEY

Dated: February 25, 2008    /S/ Maurice M. Cahillane
                Maurice M. Cahillane, Esq.
                EGAN, FLANAGAN AND COHEN, P.C.
                67 Market Street - Post Office Box 9035
                Springfield, MA 01102
                (413) 737-0260; Fax: (413) 737-0121
                BBO# 069660

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this 25nd day of February, 2008, on all parties, by electronic delivery to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.

                /S/ Maurice M. Cahillane
                Maurice M. Cahillane, Esq.

12084-050156\152994